```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

PHILLIP DWAIN SMITH,              §
                                  §
v.                                §   CIVIL ACTION NO.4:14-CV-910-Y
                                  §
ELIZABETH H. BEACH,               §
Assistant District Attorney,      §
Tarrant County, Texas             §

OPINION and ORDER OF DISMISSAL
<u>UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)</u>

This case is before the Court for review of pro-se inmate/plaintiff Phillip Dwain Smith's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Smith filed a civil-rights complaint seeking relief under 42 U.S.C. § 1983.(Compl. at 1.) That provision authorizes a person to seek recovery for alleged violations of the United States Constitution or federal law by a person acting color of law.[1] In his complaint, Plaintiff named as defendant Elizabeth Beach, assistant district attorney, Tarrant County, Texas. (Compl., Style; § IV.) Plaintiff Smith asserts a claim against Beach for statements she made during closing arguments in his trial in state court for the offense of aggravated sexual assault of a child under 14 years of age. (Compl. §§ V, VI.) Plaintiff has also filed a document entitled "Amended Complaint", but since Smith does not want the Court to disregard the original complaint, the Court has considered the more recent pleading only

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .." 42 U.S.C.A. § 1983 (West 2012).

as a supplemental complaint.[2] In the supplemental complaint, Smith clarifies that he seeks compensatory and punitive damages.(Supp. Compl. at 1.)

A case filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives

---

[2]*See generally Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) (holding that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect).

2

judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the complaint and supplemental complaint under these standards, the Court concludes that Smith's claims must be dismissed.[3]

Although he does not list all of the charges, plaintiff Phillip Dwain Smith was convicted in the 432nd Judicial District Court, Tarrant County, Texas, of one count of continuous sexual abuse of a child, two counts of aggravated sexual assault of a child younger than 14 years of age, and three counts of indecency with a child, for which the trial court sentenced him to 60 years' confinement on each of the first three counts and 20 years' confinement on each of the remaining counts, the sentences to run concurrently. *See Smith v. Stephens,* No. 4:13-CV-257-Y (N.D. Tex. September 30, 2014)(Order and Judgment entered by the undersigned judge denying Smith's petition for writ of habeas corpus under 28 U.S.C. § 2254).[4] As he did before this Court during the prior habeas-corpus proceeding, Smith claims that Assistant District Attorney Beach slandered him by stating during closing arguments that he was an "odious, repellant creature", and by stating that the child victim had to come into the courtroom to tell "what this creature had done to

---

[3] Although plaintiff Smith filed a motion for appointment of counsel, as the Court has determined he is not entitled to relief in this case, there is no basis for appointment of counsel, and such motion (doc. no. 12) is DENIED.

[4] This Court takes judicial notice of its own prior record. *See* Fed. R. Evid. 201(b)(2).

3

her." (Compl. § V.)

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must set forth facts in support of both of its elements:(1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993). Of course, prosecutor Beach was acting under color of law, but Plaintiff has not stated a claim of a violation of the Constitution or federal law. The Court finds instructive an order of another judge of this district arising from similar facts:

> Plaintiff's claim against defendant stems from an alleged slanderous statement made during a state criminal proceeding. Claims of slander, defamation, and libel generally arise under state tort law and typically lack the constitutional element required to bring suit under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976). To the extent slander can support a claim under § 1983, plaintiff must allege facts sufficient to state a claim under that statute. *See Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir.2001) (suggesting that a slander claim could fall under § 1983). In this instance, plaintiff merely asserts that defendant called him a "child molester" during criminal proceedings which culminated with his conviction for unlawful restraint. Although such a statement undoubtedly harms one's reputation, plaintiff does not allege how the statement otherwise harmed him. He does not allege that the statement rendered his trial fundamentally unfair, and the alleged facts do not support such an allegation in any event. Plaintiff has simply not alleged that the statement deprived him of a constitutional or other federal right. He thus fails to state a claim under § 1983. *Id.*

*Quick v. Edwards,* No.3:05-CV-1151-L, 2006 WL 1751737, at *2 (N. D.

Tex. June 26, 2006)(Lindsay, J.) Similarly, in this case, Plaintiff Smith does not allege that Beach's in-court statements violated a constitutional or other federal right. His claims must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, prosecutors enjoy absolute immunity from monetary damages for their actions to initiate and pursue criminal prosecutions. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). Here, Plaintiff complains about statements made by an assistant district attorney during state criminal proceedings. Plaintiff has made no allegation that the defendant acted other than in her adjudicative role as an assistant district attorney. Thus, defendant Beach is also entitled to absolute prosecutorial immunity from any claim for monetary damages, and Smith's claims for monetary damages must be dismissed.

Therefore, all claims in this action are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and (2), and under 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii).

SIGNED May 31, 2016.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

5